UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LADCO, INC.,

        Plaintiff,

v

        Case No. 19-10855
        Honorable Thomas L. Ludington

INSPIRED CONCEPTS LLC,
JEFFREY NEELY

        Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO FILE COUNTERCLAIM AND DIRECTING FILINGS**

Plaintiff Ladco, Inc. ("Ladco") is "an area developer for Ponderosa restaurants." ECF No. 1 at PageID.2. On June 4, 2014, it entered into five franchise agreements with Defendant Inspired Concepts, LLC ("Inspired Concepts") for five different restaurant locations (the "Subfranchise Agreements"). *Id.* at PageID.5-6. Five years later, Ladco filed a complaint against Defendants claiming that Defendants had breached the Subfranchise Agreements.

**I.**

**A.**

Each of the Subfranchise Agreements granted Inspired Concepts "a non-exclusive franchise to operate a restaurant…and to use the appropriate Ponderosa System and Proprietary Marks." *Id.* at PageID.6. Inspired Concepts was required to pay monthly royalties to Ladco for use of the franchise. *Id.* The Subfranchise Agreements also provided that Inspired Concepts, the "Subfranchisee," would be in breach if it:

> Suffers cancellation of or fails to renew or extend the lease for the premises of the Subfranchisee's Restaurant or otherwise fails to maintain possession of the premises of the Subfranchisee's Restaurant.

*Id.* at PageID.7. Defendant Jeffrey Neely served as guarantor for each of the Subfranchise Agreements. *Id.* at PageID.6.

Ladco claims that Inspired Concepts has not made any royalty payments since January 2019 and has breached its lease agreements for its restaurant premises. *Id.* at PageID.9-10. On March 11, 2019, Ladco sent Inspired Concepts a Notice of Default, informing Inspired Concepts that it was in default on its payment obligations under the Subfranchise Agreements and had ten days to cure the default. *Id.* at PageID.9. According to Ladco, Inspired Concepts did not cure the default. *Id.* at PageID.10. On March 22, 2019, Ladco sent Inspired Concepts a letter stating that the Subfranchise Agreements were terminated because Inspired Concepts failed to make its required payments and breached its leases for the restaurant premises. ECF No. 1-10.

That same day, Ladco filed a complaint against Inspired Concepts and Neely. ECF No. 1. Ladco's complaint presents three counts: Lanham Act – Trademark Infringement and false designation of origin (Count I); Breach of Franchise Agreements (Count II); and Breach of Non-Competition Covenants (Count III). On April 16, 2019, Defendants' attorneys Stephen M. Gross, John E. Benko, and Ashley J. Jericho of McDonald Hopkins PLC filed an answer to Ladco's complaint. ECF No. 10.

The next month, Michael F. Matheson of the Matheson Law Firm filed an appearance as "co-counsel for Defendants." ECF No. 15 at PageID.652. A month and a half later, Defendants' attorneys from McDonald Hopkins PLC who had filed Defendants' answer withdrew from the case. ECF Nos. 16, 17. Attorney Matheson remained as Defendants' attorney.

**B.**

On October 22, 2019, Attorney Matheson filed a motion for leave to file a counterclaim. ECF No. 18. The proposed counterclaim represents that Inspired Concepts' lease agreements were

made with affiliates of Ladco. ECF No. 18-1 at PageID.668. Additionally, according to Defendants, "[c]ertain of those Lease Agreements are the subject of a lawsuit in Isabella County Circuit Court."[1] *Id.* Defendants cite to a provision within the Subfranchise Agreements that they claim entitle them to indemnification by Ladco, the "Subfranchisor." The provision provides:

> If the premises of the Subfranchisee's Restaurant are leased, Subfranchisor agrees to use reasonable efforts to effect a termination of the existing lease for the premises and enter into a new lease on reasonable terms with the landlord. In the event Subfranchisor is unable to enter into a new lease and Subfranchisee's rights under the lease for the premises are assigned to Subfranchisor or Subfranchisor subleases the premises from Subfranchisee, Subfranchisor will indemnify and hold Subfranchisee harmless from any ongoing liability under the lease from the date Subfranchisor assumes possession of the premises.

ECF No. 18-1 at PageID.744. Defendants' counterclaim requests that this Court apply the indemnity provision and direct Ladco to "indemnify Inspired Concepts for all amounts claimed to be due by [Ladco affiliates] from Inspired Concepts" in the state court case. *Id.* at PageID.672.

**C.**

Defendants' proposed counterclaim also contends that Ladco breached the Subfranchise Agreements when it induced two Inspired Concepts employees to terminate their employment with Inspired Concepts. According to the proposed counterclaim, Darren Clark was a division manager for Inspired Concepts who terminated his employment with Inspired Concepts in May 2016. ECF No. 18-1 at PageID.669. He subsequently became a subfranchisee of the Clare, Michigan Ponderosa location, a restaurant not affiliated with Inspired Concepts. Defendants claim that Ladco "induced and encouraged Darren Clark to leave his employment with Inspired Concepts for the purpose of owning and operating the Clare Ponderosa location, which was then being marketed for sale." *Id.* at PageID.670.

---

[1] Neither of the parties' papers furnishes any additional information regarding these state court proceedings, the underlying claims, or the current procedural posture of the case.

Brent Stockel is another former employee of Inspired Concepts. He was a division manager until he terminated his employment with Inspired Concepts on April 5, 2019. Defendants claim that Clark "conspired to and did solicit Brent Stockel from Inspired Concepts for a managerial position." *Id.* Defendants further claim that Ladco "aided and encouraged" Stockel to work for Clark. *Id.* Defendants allege that Stockel is subject to a non-compete provision in his employment agreement with Inspired Concepts. *Id.*

Defendants claim that Inspired Concepts is "an intended third-party beneficiary to the Subfranchise Agreement between LADCO and Darren Clark." *Id.* at PageID.971. They contend that Clark's Subfranchise Agreement with LADCO contains a provision "limiting a subfranchisee's solicitation of another subfranchisee's employee." *Id.* Defendants argue that Ladco "has actively engaged and, with knowledge of the misconduct, allowed Darren Clark to breach the Non-Solicitation Clause in the subfranchise agreement, by the hiring of employees away from Inspired Concepts." *Id.*

## II.

### A.

Rule 13 of the Federal Rules of Civil Procedure provides for two types of counterclaims: compulsory counterclaims and permissive counterclaims. The Rule defines a compulsory counterclaim as a claim that "arises out of the transaction or occurrence that is the subject of the opposing party's claim" and "does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a). It defines a permissive counterclaim as "any claim that is not compulsory." Fed. R. Civ. Pr. 13(b). Defendants have not identified their counterclaim as compulsory or permissive and Ladco has not furnished a response to Defendants' motion.

Defendants' counterclaim will be construed as a compulsory counterclaim because it arises out of the alleged breach of the Subfranschise Agreements.

Rule 13 further provides that a compulsory counterclaim must be included within a party's pleading.[2] Fed. R. Civ. Pr. 13(a)(1) ("A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party…"). Accordingly, if a party does not include a counterclaim in its initial answer to a complaint, it may only present a counterclaim later by amending its answer under Rule 15.

The only pleading applicable to Defendants' situation is Defendants' answer to Ladco's complaint, filed April 16, 2019. ECF No. 10. Defendants' answer does not include a counterclaim. Accordingly, Defendants must amend their answer pursuant to Rule 15 in order to file a counterclaim.

**B.**

Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleadings with leave of the court. It provides, "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Although generally freely given, justice does not require leave be given when the nonmoving party shows: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the [nonmoving] party by virtue of allowance of the amendment, [or] futility of amendment." *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court has cautioned, however, that although "the grant or denial of an opportunity to amend is within the discretion of

---

[2] Under Rule 7, a "pleading" is a complaint, an answer to a complaint, an answer to a counterclaim designated as a counterclaim, an answer to a cross claim, a third-party complaint, an answer to a third-party complaint, or a reply to an answer (if ordered by the court). Fed. R. Civ. Pr. 7.

the District Court…outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion." *Id.*

### III.

Defendants argue that their counterclaim will not prejudice Ladco because discovery has not yet begun. They further contend that Ladco has been aware of the likely filing of their counterclaim since September 24, 2019. On this date, Judge Eric R. Janes in the state court proceeding purportedly held that Inspired Concepts' claims against Ladco "may be more appropriately pled in the pending federal court action…involving both Ladco and Inspired Concepts which is already pending."[3]

Pursuant to Local Rule 7, Ladco had until November 5, 2019 to respond to Defendants' motion. L.R. 7.1(e)(1)(B) ("A response to a nondispositive motion must be filed within 14 days after service of the motion."). Ladco did not file its response to the motion until November 26, 2019, 21 days after the deadline. Ladco did not seek leave to file its response late. Accordingly, the response will not be considered and Defendants' motion will be construed as unopposed.[4]

Ladco has not demonstrated "undue delay, bad faith or dilatory motive" by Defendants.

### IV.

Accordingly, it is **ORDERED** that Defendants' motion for leave to file a counterclaim, ECF No. 18, is **GRANTED**. Defendants may file the proposed counterclaim presented as "Exhibit

---

[3] Defendants did not attach Judge Janes' opinion and order to their motion.

[4] The exhibits in Ladco's response were not filed as separate attachments nor did Ladco include an index of exhibits. The United States District Court for the Eastern District of Michigan has promulgated policies and procedures for electronic filing. *See* Electronic Filing Policies and Procedures, Eastern District of Michigan, https://www.mied.uscourts.gov/PDFFIles/policies_procedures.pdf. Rule 18(b)(2) of that document provides that parties filing exhibits must prepare and include an index of exhibits. Rule 18(b)(3) further provides that "each exhibit must then be filed and identified as a separate attachment to the paper, and must be labeled in the electronic record with an exhibit identifier and brief narrative description." Ladco's future filings will be stricken if they do not comply with these polices and procedures.

A" of their motion, ECF No. 18-1, on or before **December 6, 2019**. Defendants are directed to file it as part of an "Amended Answer."

It is further **ORDERED** that Plaintiff shall file a responsive pleading to Defendants' counterclaim within 21 days of its service.

Dated: December 2, 2019                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge